UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM E. MILLER, )
        Plaintiff, )
         ) CASE NO. C02-2098RSM
v. )
         )
NORQUEST SEAFOODS, INC., *et al.*, ) ORDER GRANTING MOTION
         ) TO DETERMINE SUFFICIENCY
        Defendants. )
_____ )

This matter comes before the Court on plaintiff's Motion to Determine Sufficiency of Objections to Request for Admissions pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. (Dkt. #97). Defendants argue that they properly denied the requested admissions on the basis that they were outside the scope of discovery pursuant to this Court's previous order on the matter. (Dkt. #98). Having reviewed plaintiff's motion, defendants' response, plaintiff's reply to that response, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's Motion to Determine Sufficiency (Dkt. #97) is GRANTED. On October 25, 2004, plaintiff served defendants with Plaintiff's Second Request for Admissions. (Dkt. #97, Attachment 4). Plaintiff asked defendants to admit certain information including: (a) that he is entitled to seek medical treatment from providers of his choice; (2) that plaintiff cannot be accused of failing to mitigate his damages because he chose a doctor other than that suggested by defendant; (3) that defendant is aware of no reason to question the skill and competence of plaintiff's health care providers; (4) that plaintiff remains under treatment; and (5) that plaintiff's medical records are authentic and that they reflect necessary health care services.

ORDER
PAGE – 1

Defendants returned their Answer to those requests, stating in response to each one:

> Objection. On March 20, 2004, the Court issued an order allowing future discovery only "concerning plaintiff's physical condition, continued treatment, and recovery." This request for admission does not fall within the allowable subjects permitted by that order. On that basis, denied.

(Dkt. #97, Attachment 5). In response to plaintiff's instant motion, defendants continue to deny the propriety of answering plaintiff's requests for admissions. (Dkt. #98).

The Court finds defendants' argument disingenuous, particularly in light of the fact that they have propounded Interrogatories and Requests for Admission seeking essentially the same information from plaintiff. (Dkt. #99, Attachment 2). For example, defendants have asked plaintiff to "[e]xplain in detail why plaintiff will not undertake treatment at Virginia Mason Pain Management Program, including all factual, medical, legal, or other bases upon which plaintiff relies in refusing." (Dkt. #99, Attachment 2, Interrogatory No. 18). The Court also finds that plaintiff's questions fall within the categories of "plaintiff's physical condition, continued treatment, and recovery," allowed by previous Court order.

Moreover, since the filing of plaintiff's motion, defendants have apparently "informally" responded to all of plaintiff's questions. (*See* Dkts. #98 at 5 and #99 at 2). Thus, it is not quite clear to the Court why defendants continue to refuse to respond in writing to Plaintiff's Second Request for Admissions. For all of these reasons, the Court finds defendants's denials to plaintiff's request for admission insufficient.

(2) Defendants shall provide plaintiff with a responsive Answer to his Second Request for Admissions <u>no later than ten (10) days from the date of this Order</u>.

(3) The Clerk shall direct a copy of this Order to all counsel of record.

DATED this __21__ day of June, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER
PAGE – 2